AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

*December 04, 2020*

David J. Bradley, Clerk of Court

United States of America
v.
Mauro Ostillo Dominguez-Maldonado

)
)
)
)
)
)
)

Case No.  **4:20mj2469**

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 3, 2020__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §1324(a)(1)(A)(iii) and 8 U.S.C. §1324(a)(1)(B)(i) | The Defendant knowing or in reckless disregard of the fact that an alien has come to, entered, or remained in the United States in violation of law, concealed, harbored or shielded from detection, such alien in any place, including any building or any means of transportation, for the purpose of commercial advantage or private financial gain. |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Andrew J. Martin, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  December 04, 2020

_____
*Judge's signature*

City and state:  Houston, Texas

Sam S. Sheldon, US Magistrate
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Attachment "A"

**I, Andrew J. Martin, being first duly sworn, depose and state the following:**

I, Special Agent (SA) Andrew J. Martin, am employed by the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), in Houston, Texas (TX). I have been employed by ICE since March 2019. I have completed the Criminal Investigator Training Program and the Homeland Security Investigations (HSI) Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. Prior to my assignment to HSI, I was a United States Border Patrol Agent for 4.5 years in Yuma, AZ and an Immigration Enforcement Agent for 3.5 years in Wichita, KS. I also spent 3.5 years as an adjudicator with U.S. Citizenship & Immigration Services.

1. On December 3, 2020, the Houston Police Department (HPD) responded to the area of 4846 Raven Ridge Drive, in Houston, Texas, in connection with a suspected human smuggling event in progress.

2. Upon arrival, HPD officers discovered Jesus Coronado Alvarez with the individual who placed the emergency call on his behalf. Upon making contact with Coronado, HPD officers discovered that he had just fled from 4846 Raven Ridge Drive where approximately 25 to 30 other individuals were also being held in an apparent alien smuggling stash house. HPD officers noted that Coronado was wearing only underwear.

3. HPD officers approached 4846 Raven Ridge Dr. When making the approach, a dark colored Toyota Sequoia rapidly exited the garage, pulled down to the street, and rapidly returned back into the garage as officers were approaching. The Sequoia damaged the garage door in the process. HPD officers observed one male subject quickly exit the driver-side door and enter the residence through the door in the garage.

4. HPD officers made entry into the residence and subsequently discovered about 30 individuals inside.

5. HSI Houston Special Agents (SA) was notified, responded to the residence, and determined that all individuals discovered in the residence were unlawfully present in the United States, including Coronado.

6. SAs showed pictures of the other individuals found in the residence to Coronado-Alvarez. Coronado-Alvarez identified Mauro Ostillo Dominguez-Maldonado as a care-taker for him and the other smuggled aliens.

7. HSI SAs photographed the residence. The rooms throughout the house had boarded up windows, preventing readily accessible escape. One room had a deadbolt on the door facing outside, preventing escape from the inside of the room. SAs located "pollo logs", ledgers used to record smuggled aliens brought to the stash house. 19 names of the 30 individuals discovered in the residence were found on these ledgers.

8. Coronado-Alvarez, Dominguez-Maldonado, and the remaining individuals discovered at the residence were transported to the Montgomery Processing Center, Conroe, Texas for booking and interviews.

9. Material witness Jesus Coronado-Alvarez, a citizen of Mexico, illegally entered the United States in early October of 2020. His intended destination in the United States was Houston, TX. Coronado-Alvarez stated that his clothes were taken from him upon arrival to the stash house. Coronado-Alvarez also stated he saw two brothers and two females guarding the house. Coronado-Alvarez identified Dominguez-Maldonado as one of the two brothers who picked him up on the highway while en route to Houston, TX. Coronado Alvarez stated that Dominguez-Maldonado did not do much else in the house other that smoke marijuana. Coronado Alvarez stated that he observed Dominguez-Maldonado carry a pistol in the small of his back under his belt. No firearms were recovered.

10. Material witness Aroldo Malla Vazquez, a citizen of Cuba, illegally entered the United States about 3 months prior to this encounter. His intended destination in the United States was Houston, TX. Vazquez states that his cellphone was taken away and was informed to remove his clothing upon arrival to the stash house. Vazquez identified Dominguez-Maldonado as the passenger of the vehicle that came to pick him up on the

way to Houston. Vazquez stated he saw Dominguez-Maldonado carry a pistol on the small of his back.

11. Material witness Sebastian Reyes Canseco, a citizen of Mexico, illegally entered the United States on November 16, 2020. His intended destination in the United States was Memphis, TN. His father-in-law coordinated his trip from Mexico to the United States. His smuggling fee was 108,000 pesos and claims to still owe the entire amount. Reyes Canseco states that his cell phone and clothes were taken from him upon arrival to the stash house in Houston, TX. Reyes Canseco identified Dominguez-Maldonado as the individual who took his clothes and instructed him to write his name on his cell phone before taking it away. Reyes Canseco stated that he was in the stash house for approximately 1 day.

12. Material witness Carlos Cerrato-Montoya, a citizen of Honduras, illegally entered the United States on approximately November 12, 2020. His intended destination in the United States was Los Angeles, CA. He coordinated his own trip was paying a total of $7000 in smuggling fees. Cerrato-Montoya claims he has paid $2000 and still owes $5000 upon arrival to Los Angeles. Cerrato-Montoya stated his cell-phone was taken away upon to the stash house. Cerrato-Montoya identified Dominguez-Maldonado as one of the guards of the stash house. Cerrato-Montoya stated he saw another guard but that he was not there when the police showed up at the house. Cerrato-Montoya stated he was confined to one room with all males since his arrival on December 3. Cerrato-Montoya stated he saw a bulge in Cerrato-Montoya's lower back but could not distinguish whether it was a pistol or not.

13. Material witness Estefany Yonelin Betanco-Flores, a citizen of Honduras, left her country on October 25, 2020 to travel to the United States. Her intended destination was Florida. An individual named Charlie paid her smuggling fee. She does not know the exact amount of the smuggling fee or if any money is still owed. Betanco-Flores stated she was instructed to remove her clothes upon arrival to the stash house but that she refused to do so. Betanco-Flores stated she was not mistreated verbally or physically by anyone after entry into the United States. Betanco-Flores identified Dominguez-Maldonado as someone she believed to an immigrant like herself at the stash house. Betanco-Flores stated that Dominguez-Maldonado was in communication with the person in charge of the stash house.

14. Mauro Ostillo Dominguez-Maldonado knew that money was kept in the stash house and he assisted with financial transactions on behalf of the other unidentified caretaker nicknamed "Fresa." Dominguez-Maldonado was trusted to drive "Fresa's" vehicle to and from the stash house in order to pick up food items. Dominguez-Maldonado claims he did not earn money from "Fresa" for these chores but instead was working off his own smuggling debt by performing these tasks.

15. Based upon the evidence gathered from this investigation, I believe there is probable cause to believe that Mauro Ostillo Dominguez-Maldonado, knowing or in reckless disregard of the fact that an alien has come to, entered or remained in the United States, in violation of law, concealed, harbored, or shielded from detection, such aliens in any place, including any building or any means of transportation, for purpose of commercial advantage or private financial gain, in violation of Title 8 U.S.C. Section 1324(a)(1)(A)(iii) and (a)(1)(B)(i).

Special Agent Andrew J. Martin
Homeland Security Investigations
Houston, Texas

Sworn and subscribed telephonically on December 4, 2020, and I hereby find probable cause.

Sam S. Sheldon
U.S. Magistrate Judge